PER CURIAM.
Pursuant to Section 39.14, Florida Statute, (1977) and Rule 9.030(b), Florida Rules of Appellate Procedure, appellant mother, Rose Marie Williamson, appeals from an order entered by the Juvenile Court of Du-val County which affirmed an adjudication of dependency and which granted temporary care and custody of appellant’s minor child to residents of South Carolina, under supervision of the Florida Department of Health and Rehabilitative Services, retaining jurisdiction over the cause.
Catherine P. White, an agent for HRS had filed an amended supplemental petition for review pursuant to Florida Statute 409.-168 requesting the court to review the status of the child and to consider the alternatives provided by said statute of
(1.) Continuing the child in foster care,
(2.) Returning the child to a parent, guardian or relative,
(3.) Institute procedures to terminate parental rights and legally free such child for adoption.
And, as a fourth alternative the agent suggested permitting the child to reside with nonrelatives in South Carolina, which alternative is not one prescribed by the statute.
*661 Pursuant to Rule 8.130(a)(3), Florida Rules of Juvenile Procedure, appellant mother in response filed a plan for treatment, training or conduct, recommending that the child remain in the physical custody of the state but in a foster home located as near in proximity as possible to the mother’s home, and expressing her desire to continue reasonable visitation with the child in the hope of eventually securing her return to her custody. '
After hearing, the juvenile court issued an order of disposition affirming the previous adjudication of dependency of the child and granting care, custody and control to Larry and Anita Echerer and authorizing the Echerers to take the child to South Carolina.
The child in question is a ten year old white female who was originally removed from her mother’s custody and declared a dependent child in 1972 because of the alleged sexual abuse by her stepfather.
The Echerers are unrelated to the child but Mrs. Echerer is a sister of a former foster parent of the child. The mother did not seek return of the child to her but challenged the dispositional recommendation of HRS that she be placed in the custody of the Echerers in South Carolina.
There was evidence that since her placement with the Echerers the child became attached to them but that she was also happy with her foster parents in Green Cove Springs which is not far from the mother’s place of residence in Jacksonville.
The foster parents in Green Cove Springs had not requested that the child be removed from their care and it appears from the record that the main reason for HRS requesting a change in placement was the fact that the Echerers had sought the placement with them. Subsequent to the dispo-sitional hearing the Echerers were issued a foster care license by the State of South Carolina but this fact did not occur prior to the hearing and is not to be considered by us on appeal.
At the dispositional hearing the evidence established that the Echerers had five sons, an annual income of over $40,000, that they own a four bedroom home with air conditioning, a swimming pool, a play house, two ears and a van.
At the hearing the mother testified that she desired that the child continue living in the Jacksonville area so that she and her close relatives could have regular visitation with the child, which relatives included two other siblings of the child and her grandmother.
Also at the hearing there was expert testimony to the effect that children who do not have regular contact with natural parents suffer from low self-esteem and loss of identity and sometimes evidence negative attributes such as running away. Several of the HRS workers testified that it is doubtful that the mother will ever be able to accept the responsibility for the full time care and custody of the child and that for a period of time from January 1974 to January 1977 the child had had no contact with the mother.
We reverse. Under the provisions of F.S. 409.168(3)(a) the juvenile court had only three dispositional alternatives in a foster care review hearing. The trial court did not adopt either one of these alternatives as outlined by the statute which we have here-inbefore set forth but without statutory authority placed the child in the temporary care, custody and control of the Echerers and directed that such placement be supervised by an authorized agent of HRS “which agency shall include the appropriate employee of the South Carolina Department of Social Services from whom courtesy supervision shall be requested.”
We hold that the juvenile court below had no authority to place this child in the custody of third parties, particularly parties living outside of the state of Florida where the agents of the Florida Department of Rehabilitative Services have no jurisdiction of supervision. Although not considered by either party in their briefs, it was conceded at the oral argument that Florida has no compact agreement with the authorities of South Carolina to supervise Florida placements of children in that state. This being *662 true, when the child is removed to South Carolina the Florida HRS authorities lose supervision control over such child.
We recognize the legal principle that in proceedings of this character the primary consideration of the juvenile court must be the best interest of the child. However, the natural parent has a right to family integrity which must not be treated lightly and such parent should not be deprived of reasonable right of visitation with the hope of restoring future custody and control of the child to the natural parent when future circumstances and the welfare of the child justify the same. The purpose of foster care is for the immediate welfare of the child, but is not a substitute for the natural home of the child, and includes the idea of preparing the child for its return to the real parent or parents.
We therefore reverse and remand to the court below with direction to adopt with respect to this child one of the three disposi-tional alternatives provided for by F.S. 409.-168(3)(a) and if in the selection of one of said alternatives the court determines that the child should be continued in foster care that such placement be either with the foster parents at whose home she had been placed in Green Cove Springs, Florida, or in some other foster home in the Jacksonville area where the mother could exercise reasonable right of visitation.
It is so ordered.
MILLS, Acting C. J., MASON, ERNEST E., Associate Judge and ERVIN, J., concur.